IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| PHILLIP BAILEY | § | |
| VS. | § | CIVIL ACTION NO. 9:15cv164 |
| LUCAS ALVIAR, ET AL. | § | |

ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Phillip Bailey, an inmate formerly at the Polunsky Unit, proceeding *pro se*, brought the above-styled lawsuit.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the defendants' motion to dismiss (docket entry no. 53) be granted. Additionally, the Magistrate Judge recommends the defendants' motion for summary judgment (docket entry no. 65) be granted.

The court has received and considered the Reports and Recommendations of United States Magistrate Judge filed pursuant to such referral, along with the record and pleadings. Plaintiff filed objections to the Magistrate Judge's Reports and Recommendations. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes plaintiff's objections are without merit. Plaintiff's claims fail to rise to the extremely high standard required to meet deliberate indifference. *See Domino v. Texas Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001). To satisfy the

exacting deliberate indifference standard, a defendant's conduct must rise "to the level of egregious intentional conduct." *Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006).

Here, plaintiff's allegations sound in negligence or gross negligence, not deliberate indifference. In plaintiff's live pleading (docket entry no. 46), plaintiff alleges the following pertaining to the incident in which he was injured: "In the last event, before the accident, he (defendant Alviar, the bus driver) spilled his drink, then he took his eyes off the road to reach for the container. When he looked up, he suddenly swerved, and hit the brakes - stopping abruptly." Plaintiff's Amended Complaint at 3-4. Plaintiff admits the defendant was a "new driver." *Id*. at 3. Thus, this case is distinguishable from the case cited in plaintiff's objections because here there is no history of similar incidents with this driver, and plaintiff has set forth no allegation sufficient to demonstrate the driver or other defendants knew subjectively that plaintiff was exposed to a substantial risk of serious harm. *See Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2013). While the court certainly does not mean to discount plaintiff's alleged injuries, this case is nothing more than a negligent traffic accident in which plaintiff was injured. Plaintiff's allegations fail to rise to the egregious level necessary for a violation of the Eighth Amendment.

Additionally, plaintiff's allegations against the medical doctor amount to no more than a disagreement with the defendant's diagnosis and determination as to the proper course of treatment. The defendant, Dr. Lanuza, did not see the need for the specific test plaintiff requested. Defendant Lanuza observed that she did not see anything wrong with plaintiff to justify ordering an MRI. As the magistrate judge noted, dissatisfaction with medical treatment or diagnosis does not constitute deliberate indifference to a serious medical need and does not rise to the level of the denial of a constitutional rights. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d

1236, 1238 (5th Cir. 1985).  Even if plaintiff's claims amount to an arguable case of negligence or medical practice, neither constitutes deliberate indifference.  *See Gobert v. Caldwell*, 463 F. 3d. 339, 346 (5th Cir. 2006).

Plaintiff has also alleged no specific facts that would give rise to a reasonable inference that the TDCJ intentionally discriminated against him because of any alleged disability.  A showing of intentional discrimination is essential to success on an ADA claim.  *See Delano-Pyle v. Victoria Cty., Tex.*, 302 F.3d 567, 574-75 (5th Cir. 2002); *see also Back v. TDCJ-CID*, _ F. App'x _, 2017 WL 6327544 (5th Cir. 2017).  Accordingly, the defendants' motion should be granted.

Finally, the defendants have asserted their defense of qualified immunity, and they are entitled to qualified immunity in this case.  Therefore, the action should be dismissed.

O R D E R

Accordingly, plaintiff's objections are **OVERRULED**.  The findings of fact and conclusions of law of the Magistrate Judge are correct and the reports of the Magistrate Judge are **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**So Ordered and Signed**
Mar 28, 2018

Ron Clark, United States District Judge